IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIGIFREDO GONZALES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3955 |
| | § | |
| FARMER'S INSURANCE CO., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER ON DISMISSAL

Sigifredo Gonzales, a state inmate proceeding *pro se*, files this complaint under 42 U.S.C. § 1983 and requests the Court to assist him in recovering his portion of the proceeds of an insurance claim awarded to him in state court. Plaintiff's motion for leave to amend his complaint to clarify the identities of the defendants (Docket Entry No. 7) is GRANTED and the amended parties are reflected herein.

*Background and Claims*

Plaintiff claims that in July 2005, his car was struck by Aristives Rojas during an automobile collision. Rojas was insured by Farmer's Insurance Company through agent Kelly Peter. Plaintiff was represented by attorney Dall Fenton, who obtained a $4,200.00 award for plaintiff. Plaintiff complains that he never received his portion of the insurance proceeds, and sues Rojas, Peter, and Fenton for recovery of the insurance award.

*Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case, or any part of it, without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under section 1983 must establish two essential elements: that the conduct complained of was committed under color of state law by a state actor, and that the conduct deprived plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Private citizens, including private attorneys, are not state actors within the meaning of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff raises no issue of federal constitutional dimension in seeking recovery of his insurance award, and sues only private actors, not state actors. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Plaintiff's section 1983 claims are legally frivolous and fail to state a claim under section 1915(e)(2).

Nor does this Court have federal diversity jurisdiction over any state law claims raised in this lawsuit. According to plaintiff's pleadings, all parties to this lawsuit are citizens, or

insure a citizen, of the State of Texas. Moreover, as plaintiff asserts damages of less than $4,200.00, he fails to meet the $75,000.00 "amount in controversy" requirement for this Court's jurisdiction. *See* 28 U.S.C. § 1332.

*Conclusion*

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion to amend to clarify identities of the defendants (Docket Entry No. 7) is GRANTED. All other pending motions are DENIED AS MOOT.

2. Plaintiff's section 1983 claims against defendants are DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim under section 1915(e)(2).

3. Plaintiff's state law claims against defendants are DISMISSED WITHOUT PREJUDICE for lack of federal diversity jurisdiction and lack of a sufficient amount in controversy.

The Clerk will provide a copy of this Order to the parties, to TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three Strike List Manager.

Signed at Houston, Texas on November 29, 2007.

Gray H. Miller
United States District Judge